# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:17-CR-00424 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) |    WILLIAM H. BAUGHMAN, JR. |
| WISAM R. RIZK | ) | |
| | ) | |
| Defendant | ) | **MOTION TO MODIFY CONDITIONS** |
| | ) | **OF PRETRIAL RELEASE** |
| | ) | |
| | ) | |

Now comes the Defendant, through counsel, and hereby moves this Court to modify the conditions of pretrial release, to eliminate the need for electronic monitoring, as set forth below.

On October 20, 2017, after being arrested, the Defendant, Wisam Rizk, was brought before Magistrate Judge Baughman for an arraignment and the setting of bond. The Court, per agreement of the parties, accepted the recommendation for a cash bond of $75,000.00 which was posted the following Monday and Wednesday (See Docket No. 12). Also, the Court imposed, per request of the Government, limited electronic monitoring until the bond was posted, and only a curfew thereafter. At the bond hearing, the Court indicated it would be open to eliminating the electronic monitoring altogether after a few weeks of supervision, as long as Mr. Rizk was compliant with all conditions. It should be noted that Mr. Jennings did not recommend electronic monitoring in the pretrial services report presented to the Court – only the posting of cash surety.

Counsel contacted Mr. Jennings on November 13, 2017 to discuss the Pretrial Services' position on removing the electronic monitoring. Mr. Jennings indicated that he had absolutely no objection to removing this condition as Mr. Rizk has complied with all his bond conditions, and believes the surety posted was sufficient to satisfy any concerns for risk of flight, especially since his passport was confiscated.

Moreover, attached hereto as Exhibit A are letters from Mr. Rizk's wife, Miriam, and his mother, Samira, demonstrating support for the Defendant, with assurances that there is no motive to flee, and a willingness to face these charges as the case proceeds. It is almost absurd to suggest that he would jeopardize his family, when he knew this matter was being investigated for two and a half years, anticipated charges, and had been in discussion with counsel for most of that time. Any suggestion, because of his immigration status and the potential for deportation, that he has a motive to flee, would be based on conjecture and lacking factual basis.

Accordingly, this Court is urged to grant the requested relief.

    Respectfully submitted,

FRIEDMAN & GILBERT

*/s/ Terry H. Gilbert*
TERRY H. GILBERT (0021948)
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Tel: (216) 241-1430
Fax: (216) 621-0427
Email: tgilbert@f-glaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Terry H. Gilbert*
>TERRY H. GILBERT
>*Attorney for Defendant*