IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR424 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| WISAM R. RIZK, | ) | **OPPOSITION TO MOTION TO MODIFY** |
| | ) | **CONDITIONS OF PRETRIAL RELEASE** |
| Defendant. | ) | |
| | ) | **(Response to ECF No. 17)** |
| | ) | |
| | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United

States Attorney, and Rebecca Lutzko and Chelsea Rice, Assistant United States Attorneys,

hereby opposes the Motion filed by Defendant Wisam R. Rizk seeking to modify the conditions

of his pretrial release for the reasons that follow.

On October 18, 2017, a grand jury sitting in the Northern District of Ohio returned an

indictment charging Defendant Wisam Rizk with conspiracy to Commit Wire Fraud and Honest

Services Wire Fraud, in violation of 18 U.S.C. § 1349; 27 substantive counts of Wire Fraud and

Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2; and one count of

making a false statement of a federal agent and creating a false document, in violation of

§18 U.S.C. § 1001(a)(2) and (3).

As set forth in the indictment, Rizk is charged with conspiring with another Cleveland Clinic Foundation (the "Clinic") employee to defraud the Clinic of more than $2.8 million dollars. They did so through a scheme in which Rizk created a shell company in which he and his coconspirator had concealed financial interests and fraudulently inserted it into a software development contract that Rizk and his coconspirator controlled and that the Clinic believed it had entered into with an independent third party. Bank records show that Rizk kept the vast majority of the fraudulently diverted money. Rizk is also charged with lying to a federal law enforcement agent about this scheme, and with creating a fake document in an attempt to support his false story. It is the government's position that, if Rizk is convicted, the associated Guideline calculation will recommend a sentencing range greater than 100 months in prison.

As documented in his Pretrial Services Report, Rizk has lived in the United States for several years (he has a green card), but is not a United States citizen. He was born in Lebanon, and is presently a Lebanese citizen who has an Austrian passport. According to his own statements, he presently runs a consulting business, which he owns with his wife, and makes approximately $10,000 per month. (His wife also works for a bank and receives additional income). He and his wife have about $500,000 equity in a house valued at approximately $700,000, and their mortgage is approximately $3,000 a month. At the time of his arraignment, he had approximately $100K in a United States bank account. In addition, the government has documented that Rizk regularly travels internationally, to countries in several parts of the world. He was arrested at the airport returning from a trip to Canada and was scheduled to leave for Mexico the following day. Due to his immigration status, if Rizk is convicted, he will likely be deported.

Magistrate Judge William Baughman arraigned Rizk on October 20, 2017. At that time, Magistrate Baughman imposed conditions of bond. Based on the parties' agreement, the court required Rizk to post a $75,000 cash bond, $50,000 of which was to be paid from an overseas bank account that Rizk held in Lebanon. He further deposited his Austrian passport the Clerk's office, upon the parties agreement. Over Rizk's objection, Magistrate Baughman also imposed electronic monitoring via an ankle bracelet, with decreasing restrictions on his local travel after Rizk paid the required cash bond (which he, in fact, did).

The government opposes Rizk's request to now remove the condition of electronic monitoring. It is the government's position that, based on Rizk's wealth and access to significant financial resources, his familiarity with multiple countries and frequent international travel, the triple-digit sentence that he faces, his immigration status, and the fact that he will be deported if convicted, Rizk poses a serious risk of flight. Electronic monitoring significantly reduces that risk, and is not a particularly onerous condition of release.

Rizk has not demonstrated that anything has changed since the initial bond hearing, nor has he otherwise shown that the government's concerns about his flight-risk have decreased or otherwise been addressed. Although, in 2015, the government did have limited contact with an attorney for Rizk about this case, the parties did not engage in negotiations about resolving it. Moreover, Rizk was only indicted last month; criminal charges are now a reality, not merely a prospect. Further, Rizk's coconspirator pled guilty to an Information only the month before that. Therefore, Rizk's earlier awareness that he might face criminal charges does not significantly diminish the risk of him fleeing, particular given the amount of time that he faces, after which he would still have to leave the country.

Accordingly, for the foregoing reasons, the government respectfully requests that the

Court deny Rizk's motion to modify the conditions of his bond.


                                        Respectfully submitted,

                                        Justin E. Herdman
                                        United States Attorney

                            By:     s/ Rebecca Lutzko
                                        Rebecca Lutzko (Ohio #0069288)
                                        Chelsea S. Rice (Ohio #0076905)
                                        Assistant United States Attorneys
                                        801 West Superior Avenue
                                        Suite 400
                                        Cleveland, Ohio 44113
                                        (216) 622-3888/3752
                                        Rebecca.Lutzko@usdoj.gov
                                        Chelsea.Rice@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Rebecca Lutzko
Rebecca Lutzko
Assistant U.S. Attorney