# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:17-CR-00424 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WISAM R. RIZK | ) | |
| | ) | |
| Defendant | ) | **MOTION TO MODIFY CONDITIONS** |
| | ) | **OF PRETRIAL RELEASE** |
| | ) | |
| | ) | |

Now comes the Defendant, through counsel, and hereby moves this Court to modify the conditions of pretrial release, to eliminate the need for electronic monitoring, as set forth below.

On October 20, 2017, after being arrested, the Defendant, Wisam Rizk, was brought before Magistrate Judge Baughman for an arraignment and the setting of bond. The Court, per agreement of the parties, accepted the recommendation for a cash bond of $75,000.00 which was posted the following Monday and Wednesday (See Docket No. 12).  Also, the Court imposed, per request of the Government, limited electronic monitoring until the bond was posted, and only a curfew thereafter.  At the bond hearing, the Court indicated it would be open to eliminating the electronic monitoring altogether after a few weeks of supervision, as long as Mr. Rizk was compliant with all conditions.  It should be noted that Pretrial Services Officer Travis Jennings did not recommend electronic monitoring in the report presented to the Court – only the posting of cash surety.

On November 21, 2017, Defendant sought a modification of the bond to eliminate the curfew as well as the electronic monitoring; however, after a hearing on December 4, 2017, the Court removed the curfew, but left the electronic monitoring intact. (See Docket No. 25).

Meanwhile, the Court granted an "ends of justice" continuance of the trial until November 5, 2018 based on Defendant's ongoing efforts to obtain critical documents from the Government and the Cleveland Clinic, an effort which has yet to be completed.  (See Docket No. 28).

Mr. Jennings informed undersigned counsel in a phone call on May 7, 2018 that Mr. Rizk has complied with all conditions of release, calls in regularly, is running a business with an office and staff, and takes care of his family. The bracelet is a burden and serves no useful purpose, particularly during the warm weather months where the bracelet (while wearing shorts or bathing suits) is visible to the public and his children.  Mr. Rizk has posted substantial security, deposited his passport, and does not pose any risk of flight.  After six months of a proven record of compliance, it seems appropriate to eliminate this unnecessary restriction.

Accordingly, this Court is urged to grant the requested relief.

Respectfully submitted,

FRIEDMAN & GILBERT

*/s/ Terry H. Gilbert*
TERRY H. GILBERT (0021948)
JACQUELINE C. GREENE (0092733)
55 Public Square, Suite 1055
Cleveland, OH  44113-1901
Tel:    (216) 241-1430
Fax:    (216) 621-0427
Email: tgilbert@f-glaw.com
          jgreene@f-glaw.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2018 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Terry H. Gilbert*
TERRY H. GILBERT
One of the Attorneys for Defendant
