UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR424 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WISAM R. RIZK, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

On May 20, 2019, the Court held a hearing to determine the Loss Amount attributable to the actions of Defendant Wisam R. Rizk. Both the Government and Defendant presented evidence. At the conclusion of the hearing, the Court ordered the Parties to submit cross-briefs not to exceed ten pages by noon on June 4, 2019.

The Court has reviewed the Transcript (Doc. 51) and wishes counsel address the following questions in their cross-briefs:

The parties addressed multiple loss amounts – $5.6 million; $2.7 million; $188,722.83 etc. – in their briefing and argument at the Hearing. What legal authority supports the award of each amount? Further, how was each amount determined?

Defense expert Mr. Richard Bender admitted he essentially agreed with the

-1-

Government's finding of $275,000.00 - $287,000.00 in over payments by the Cleveland Clinic for work Jean Martin never performed. (Doc. 51, PageID: 576-77). Does there remain any support for Defendant's requested loss amount of $188,722.83 or is that number increased to $275,000.00 - $287,000.00?

Who from Cleveland Clinic observed the progress of the iVHR Project(s) and participated in approving payments to iSTAR?

Can the fair market value of Jean Martin's services be reasonably determined? If so, what is the fair market value of the service Jean Martin provided?

What is the impact, if any, of co-conspirator Gary Fingerhut's plea as to the loss amount?

**IT IS SO ORDERED.**

                                          **s/ Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated: May 30, 2019**