UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR424 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WISAM RIZK, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant Wisam Rizk requests the Court release him to the Austrian Government in accordance with 18 U.S.C. § 4100, et seq. (Doc. 70). But because the Court does not have the authority to order such relief, the Court **DENIES** Defendant's Motion.

**I. BACKGROUND**

On October 18, 2017, a Grand Jury indicted Defendant on twenty-nine counts, including Conspiracy to Commit Mail Fraud and Wire Fraud, a violation of 18 U.S.C. § 1349 ("Count 1"); Wire Fraud and Honest Services Wire Fraud, a violation of 18 U.S.C. §§ 1343, 1436 and 2 ("Count 21"); and False Statements, a violation of 18 U.S.C. § 1001(a)(2) and (3) ("Count 29").

On November 16, 2018, Defendant entered a Plea Agreement and pleaded guilty to Counts 1, 21 and 29. On October 30, 2019, the Court sentenced Defendant to 58 months imprisonment with one-year Supervised Release. The Court also ordered Defendant's removal from the United States to Austria upon the completion of Defendant's incarceration.

On May 5, 2020, Defendant filed his instant request for transfer to Austrian authorities. (Doc. 70). Defendant based his request largely on the COVID-19 pandemic and the fear of dire consequences should Defendant contract the virus while detained in the United States. The Government opposes Defendant's request. (Doc. 71).

## II. LAW & ANALYSIS

Both Defendant and the Government agree that the Transfer of Offenders to or from Foreign Countries Act, 18 U.S.C. § 4100, et seq., governs Defendant's request. That Act "give[s] the Attorney General unfettered discretion with respect to transfer decisions." *Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991). Because of this, "[s]uch decisions are…not reviewable" by the courts. *Id.*; *see also Toor v. Holder*, 717 F. Supp. 2d 100, 108-09 (D.D.C. 2010) (action on prisoners' transfer requests is committed to agency discretion by law, thus rendering such decisions unreviewable).

Based on the above, the Court does not have the authority to grant Defendant's request. Nor does Defendant point the Court to any authority to support his argument. Accordingly, Defendant's request is without merit.

To the extent Defendant requests "home confinement until he is transferred to Austrian authorities," that request is similarly without merit. Defendant does not clearly state the Court's authority to grant such a request. If Defendant bases that request under the Court's authority in 18 U.S.C. § 3582(c)(1)(A), then the Court agrees with the Government—the request fails for failure to exhaust the proper administrative remedies. *See United States v. Alam*, --- F.3d ----, 2020 WL 2845694, No. 20-1298 (6th Cir. June 2, 2020).

The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. However, requiring Defendant to address his requests for

relief through the proper channels not only upholds Congressional intent, but also protects "administrate agency authority" and "promotes efficiency." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The Attorney General and Bureau of Prisons are taking the COVID-19 outbreak seriously. As the Sixth Circuit recently stated, "[t]he system is working as it should." *Alam*, 2020 WL 2845694, at *5. Defendant must seek the relief he requests within that system.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Release to the Austrian Authorities (Doc. 70) is **DENIED**.[1]

**IT IS SO ORDERED.**

       s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: June 12, 2020**

---

[1] To the extent Defendant requested compassionate release under § 3582(c)(1)(A), that request is **DENIED, WITHOUT PREJUDICE**. The Court may consider the merits of such request once Defendant properly exhausts the issue.