UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR424 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| WISAM RIZK, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, S.J.:**

Defendant Wisam Rizk requests the Court reduce his sentence under 18 U.S.C. § 3582(c). (Doc. 97). Because Defendant does not present an extraordinary and compelling reason for release, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On October 18, 2017, a Grand Jury indicted Defendant on twenty-nine counts, including Conspiracy to Commit Mail Fraud and Wire Fraud, a violation of 18 U.S.C. § 1349 ("Count 1"); Wire Fraud and Honest Services Wire Fraud, a violation of 18 U.S.C. §§ 1343, 1436 and 2 ("Count 21"); and False Statements, a violation of 18 U.S.C. § 1001(a)(2) and (3) ("Count 29").

On November 16, 2018, Defendant entered a Plea Agreement and pleaded guilty to Counts 1, 21 and 29. On October 30, 2019, the Court sentenced Defendant to 58 months imprisonment with one-year Supervised Release. The Court also ordered Defendant's removal from the United States to Austria upon the completion of Defendant's incarceration.

On July 30, 2020, Defendant filed an initial request for a sentence reduction under § 3582(c). (Doc. 74). But since that request came just six-months after Defendant began serving his 58-month sentence, the Court denied Defendant's request under a balancing of the 18 U.S.C. § 3553(a) factors. (Doc. 79). Defendant appealed and the Sixth Circuit affirmed the Court's decision. (Doc. 81).

Almost two years later, Defendant repeats his request for a sentence reduction. (Doc. 97).[1] Defendant bases this second request on his health conditions and the ever-evolving COVID-19 pandemic. (*Id.*) Defendant also argues that the § 3553(a) factors favor a sentence reduction.

## II. LAW & ANALYSIS

### A. Standard of Review

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, colloquially known as "compassionate release." *Id.* at § 3582(c)(1)(A).

After a defendant exhausts his administrative remedies,[2] he may ask the court for compassionate release. A district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

---

[1] Defendant previously filed an Emergency Motion for Compassionate Release contemporaneously with his Motion to Vacate under § 2255. (*See* Doc. 84). But he withdrew that filing to better clarify his arguments. (*See* Docs. 96 & 98).

[2] The Government did not respond to Defendant's Motion. Therefore, the Court assumes that Defendant exhausted his administrative remedies. *See* § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

[3] There is a second scenario that entitles a defendant to relief based on his age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

However, the Sixth Circuit determined that, when an imprisoned person files his own request for sentence reduction, there is no applicable policy statement. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). That is because the once-applicable policy statement— U.S.S.G. § 1B1.13—was rendered 'inapplicable' by the passage of the First Step Act and the Sentencing Commission's subsequent failure to update the policy statement. *Id.* at 1109-11. Therefore, federal courts may forgo consulting the policy statement and define 'extraordinary and compelling reasons' on their own. *Id.* at 1111.

After *Jones* then, district courts must: 1) "find" that extraordinary and compelling reasons support a reduction; and 2) "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* at 1101 (citing 18 U.S.C. § 3582(c)(1)(A)). Regarding the first finding, "district courts have discretion to define 'extraordinary and compelling' on their own initiative," *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021), but a defendant's rehabilitation alone is not enough. 28 U.S.C. § 994(t). And when it comes to the second consideration, a district court is "obligate[d] to provide reasons" for its decision, especially when the original sentencing judge and the compassionate release judge are different persons. *Jones*, 980 F.3d at 1112-13. Importantly however, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

Ultimately, "[t]he defendant has the burden to show that he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

**B.**     **Extraordinary and Compelling Reasons**

The Court does not find that extraordinary and compelling reasons support Defendant's request for a sentence reduction. In his Motion, Defendant relies on two interrelated facts: 1) certain health conditions; and 2) the COVID-19 pandemic. He also "points to his original compassionate release, where this court agreed the petitioner had extraordinary and compelling medical reasons for release as support for the same finding here, as petitioner[']s medical situation has not gotten much better." (Doc. 97, PageID: 1074) (capitalization altered).

Beginning with Defendant's last point (about the Court's prior findings), he is wrong. In its original Order, the Court held:

> The Section 3553(a) factors weigh against Defendant's release at this time. A sentence of time-served (i.e., over six-months) does not accomplish sentencing goals in light of Defendant's crimes. Moreover, Defendant is subject to immediate deportation upon his release from custody.

(Doc. 79, PageID: 810-11). The Court did not make any finding regarding extraordinary and compelling reasons in its original Order. Nor was it required to do so, as a district court can deny a sentence reduction request if "any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Thus, Defendant is incorrect to rely on the Court's prior finding of extraordinary and compelling reasons.[4]

More importantly, much as changed since the Court's original Order. The major source of change has been the development of COVID-19 vaccinations. Indeed, the Sixth Circuit has held that "when the defendant has access to the COVID-19 vaccine," he "does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v.*

---

[4] To the extent Defendant relies on the Sixth Circuits statement that "[i]nasmuch as there is no dispute that he meets the basic eligibility requirements for compassionate release," (Doc. 81, PageID: 815), he is similarly mistaken. Again, the Sixth Circuit reviewed the Court's limited holding concerning the § 3553(a) factors – that is all that was at issue.

*Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). The Sixth Circuit has reaffirmed *Lemons* numerous times. Thus, even if the Court held in 2020 that Defendant presented extraordinary and compelling reasons for a sentence reduction – which it did not – the Court must look at this factor anew given current circumstances.

Doing so, the Court determines that Defendant does not satisfy his burden in demonstrating that an extraordinary and compelling reason exists for a sentence reduction. Defendant's argument is straightforward – his health coupled with the COVID-19 pandemic and its variants provide a sufficient reason for reducing his sentence. But *Lemons* tells us that the Court must consider Defendant's vaccination status in this calculus. Defendant is vaccinated. This fact "substantially undermines his request for a sentence reduction." *Lemons*, 15 F.4th at 751. The caselaw that Defendant cites to the contrary is unpersuasive as it i) did not have the benefit of the *Lemons* decision; and ii) comes from different judicial districts. Accordingly, Defendant's reliance on the COVID-19 pandemic, in light of his vaccination, is misplaced.

Defendant's next argument concerning his health conditions is likewise meritless. Defendant makes two contradictory statements in his Motion. First, he claims that his "medical situation has not gotten much better" since 2020. (Doc. 97, PageID: 1074). But later, in an effort to demonstrate to the Court his productivity while incarcerated, he claims he "[h]as improved his health and wellbeing, reduced his diabetic levels…(basically curing himself of diabetes), [and] works out daily." (*Id.* at PageID: 1089). The Court hopes that the latter is true. Either way, Defendant has not satisfied his burden in demonstrating that his health conditions – either in combination with COVID-19 or on their own – constitute extraordinary and compelling reasons for a sentence reduction.

Since Defendant has not presented an extraordinary and compelling reason to revisit his sentence, the Court declines to address his arguments under § 3553(a). *See Elias*, 984 F.3d at 519.

### III. Conclusion

For the foregoing reasons, Defendant's Renewed Emergency Motion for Compassionate Release (Doc. 97) is **Denied**.

**IT IS SO ORDERED.**

                                       s/ Christopher A. Boyko
                                      **CHRISTOPHER A. BOYKO**
                                      **Senior United States District Judge**

**Dated: July 5, 2022**